1. Master and Servant—Injuries to Servant—Work Directed by Servant—Evidence—Sufficiency.

On the issue whether certain sheet piling, the giving way of which caused the death of plaintiff's intestate, was put in under the direction of, and in accordance with the instructions of, plaintiff's intestate, evidence examined, and *held*, to be undisputed that the piling was so put in.

2. Same—Liability of Master.

Defendant city employed plaintiff's intestate to assist in building a sewer, and pursuant to such employment intestate took charge of the placing of the sheet piling which was put in in accordance with his directions. The piling gave way, causing intestate's death, and his administrator claimed damages on the ground that the piling was not properly placed and that defendant failed of its duty to furnish intestate with a safe place to work. *Held*, that when intestate agreed to put in the sheeting he agreed to use due diligence in putting it in and thereby transferred to himself the duty resting on defendant in that respect.

Error to Lenawee; Chester, J. Submitted April 20, 1906. (Docket No. 125.) Decided July 23, 1906.

Case by Bertha J. Salzwedel, administratrix of the estate of Fritz Carl Salzwedel, deceased, against the city of Adrian for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Reversed.

*Wallace Westerman*, for appellant.

*Theodore M. Joslin*, for appellee.

Carpenter, C. J. Defendant employed Fritz Carl Salzwedel, plaintiff's husband and intestate, to assist in

---

[1] Rehearing denied December 17, 1906.

constructing a sewer within its corporate limits. While he was so employed, on the 6th of November, 1902, said sewer caved in, and he was crushed to death. Plaintiff brought this suit to obtain compensation for the damages caused by said death, and recovered a verdict and judgment in the trial court. Defendant asks us to reverse that judgment upon the ground that a verdict should have been directed in its favor.

The sole ground upon which plaintiff recovered was that the sheeting which supported the sides of said sewer was not properly put in. Plaintiff urges that defendant is responsible for the condition of this sheeting, because it neglected (*a*) to employ competent and skilled superintendents, (*b*) "to furnish proper appliances," and (*c*) "to furnish the plaintiff's decedent a reasonably safe place in which to work." It is unnecessary to consider these reasons unless plaintiff's intestate had a legal right to complain that the sheeting was not properly put in. Had he that right ? It is the claim of the defendant that the undisputed testimony proves that the sheeting was put in according to the directions, and under the supervision, of plaintiff's intestate himself. The trial court, however, left this question to the jury and they found that he did not direct its construction. Every witness save one who gave testimony on that subject testified in accordance with defendant's contention. The witness who did not so testify—a Mr. Jones—was asked:

"*Q.* Who had charge and supervision of putting in the curbing down there ?

"*A.* Well, I suppose Mr. Wood (defendant's foreman) had."

Later he testified:

"Mr. Witt and Mr. Salzwedel built the curbing. I do not know whether Mr. Salzwedel had charge of it or not. Mr. Salzwedel told Mr. Witt what to do. I do not think that I understood that he had charge of it, still he went on and built the curbing. * * * I do not know whose plan it was."

Fairly construed, there is nothing in this testimony which casts doubt upon the other testimony which indicates that plaintiff's intestate had charge of putting in the sheeting. We conclude, therefore, that defendant is right in its contention that the undisputed testimony proves that the sheeting was put in according to the direction, and under the supervision, of plaintiff's intestate.

Had plaintiff's intestate a right of action because this sheeting was improperly put in? Plaintiff's right of action is and must be based upon the ground that due diligence was not used in putting in the sheeting. When plaintiff's intestate agreed to put in the sheeting, he contracted to use due diligence in putting it in. The obligation to use due care theretofore resting upon defendant was by said agreement transferred to plaintiff's intestate. In other words, by this agreement plaintiff's intestate released defendant from the obligation to use due care. If he was competent to make that agreement—and he certainly was—his administratrix cannot now repudiate it. She cannot assert a right of action which rests, as does her present one, solely upon the ground that her intestate failed to perform his own contract. As a result of this reasoning we are bound to declare that the evidence in this case did not warrant the finding that defendant neglected any duty it owed to plaintiff's intestate, and a verdict should therefore have been directed in its favor.

Judgment reversed, and a new trial granted.

MCALVAY, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.